Opinión disidente emitida por la
Jueza Asociada Señora Pabón Charneco.
En la Opinión que antecede, la interpretación que realizó una Mayoría del Tribunal de los requisitos de forma que contienen las Reglas 47 y 43.2 de Procedimiento Civil de 2009 (32 LPRA Ap. V) tiene el efecto de avalar la presentación de mociones pro forma cuyo único propósito es interrumpir el término para acudir en alzada. Ello resulta contrario a los preceptos de economía procesal que rigen nuestro ordenamiento y directamente socava el propósito de enmendar lo relativo a las mociones de reconsideración y de determinaciones de hechos o conclusiones de derecho adicionales mediante las Reglas de Procedimiento Civil de 2009. Por tal motivo, respetuosamente disiento de lo resuelto en la Opinión Mayoritaria.
I
Los hechos y los innumerables trámites procesales que dieron génesis a la controversia de epígrafe están correctamente expuestos en la Opinión Mayoritaria, por lo que únicamente me limitaré a mencionar lo relacionado a la moción de reconsideración y de determinaciones de hechos *15 adicionales presentada ante el foro primario por el señor José Morales Hernández y otros (los peticionarios).
El 22 de septiembre de 2010, archivada en autos copia de su notificación el 27 de septiembre del mismo año, el Tribunal de Primera Instancia dictó Sentencia Sumaria desestimando la reclamación de los peticionarios contra The Sheraton Corporation h/n/c ITT Sheraton Corporation y Starwood Hotels & Resorts Worldwide, Inc. (los recurridos). Ante ello, los peticionarios presentaron una Moción Solicitando Reconsideración de Sentencia y Determinaciones de Hechos Adicionales el 13 de octubre de 2010. Por su parte, los recurridos presentaron una oposición a dicha moción en la cual alegaron que esta no cumplía con los criterios esbozados en la Regla 47 de Procedimiento Civil de 2009, supra, debido a que se trataba de una mera repetición de la teoría del caso que fue evaluada y adjudicada por el foro primario. El 6 de diciembre de 2010, sin expresar fundamentos para ello, el foro primario declaró "no ha lugar” a la moción de reconsideración y de determinaciones de hechos adicionales presentada por los peticionarios.
Así las cosas, los peticionarios presentaron un recurso de apelación ante el Tribunal de Apelaciones. Por su parte, los recurridos presentaron una Moción de Desestimación por Falta de Jurisdicción, en la que alegaron que el escrito de apelación se presentó fuera del término jurisdiccional dispuesto para ello, pues la moción de reconsideración y de determinaciones de hechos adicionales presentada por los peticionarios ante el foro primario no había interrumpido el término para apelar por no cumplir con los requisitos de forma necesarios para su procedencia. En respuesta a lo anterior, los peticionarios presentaron una oposición a la moción de desestimación del recurso de apelación, argumentando en esencia que la moción de reconsideración y de determinaciones de hechos adicionales había interrumpido el término para acudir en alzada.
*16 Inicialmente, el foro apelativo intermedio declaró “no ha lugar” a la solicitud de desestimación por falta de jurisdicción. No obstante, el 20 de junio de 2012, archivada en autos copia de su notificación el 27 de junio de 2012, el Tribunal de Apelaciones dictó Sentencia mediante la cual se declaró sin jurisdicción para atender el recurso de apelación en los méritos. Explicó el foro apelativo intermedio que la moción de reconsideración y de determinaciones de hechos adicionales presentada por los peticionarios ante el foro primario “fue un ejercicio frívolo con el propósito de dilatar los efectos de la sentencia y por lo tanto no tuvo el efecto de interrumpir el término de treinta días para acudir en alzada".(1) De esa Sentencia solicitaron reconsideración los peticionarios, la cual fue declarada “no ha lugar” por el foro apelativo intermedio.
Así las cosas, los peticionarios presentaron el recurso de certiorari que nos ocupa. Señalaron que el Tribunal de Apelaciones erró al desestimar el recurso de apelación ante su consideración por falta de jurisdicción.(2) Alegaron que el foro apelativo intermedio concluyó erróneamente que la moción de reconsideración y de determinaciones de hechos adicionales presentada ante el foro primario no había interrumpido el término para acudir en alzada. Los recurridos oportunamente presentaron su alegato en oposición al recurso.
II
La moción de reconsideración es “el mecanismo que provee nuestro ordenamiento para permitir que un tribunal modifique su fallo y enmiende o corrija los errores en que *17 haya incurrido”. Interior Developers v. Mun. de San Juan, 177 DPR 693, 701 (2009). Véase, además, Lagares v. E.L.A., 144 DPR 601, 609 (1997). Del texto de la Regla 47 de Procedimiento Civil de 2009, supra, se desprende que una moción de reconsideración presentada oportunamente deberá “exponer con suficiente particularidad y especificidad los hechos y el derecho que la parte promovente estima que deben reconsiderarse”. (Énfasis nuestro). Además, la moción de reconsideración deberá “fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales”. (Énfasis nuestro). íd. De cumplir con lo anterior, el término para recurrir en alzada quedará automáticamente interrumpido. íd.(3) Sin embargo, la propia Regla 47 de Procedimiento Civil de 2009 dispone que de no cumplir con los requisitos de forma antes esbozados, la moción será declarada “sin lugar” y no interrumpirá el término para acudir en alzada. íd.
El requisito de que la moción de reconsideración debe gozar de suficiente particularidad y especificidad, así como la necesidad de que se funde en cuestiones sustanciales de hecho o de derecho, se diferencia sustancialmente de lo requerido por la derogada Regla 47 de Procedimiento Civil de 1979 (32 LPRAAp. Ill (ed. 2001)), que guardaba silencio en cuanto a lo anterior. La antigua Regla 47 de 1979 ex-presaba que una vez presentada una moción de reconsideración dentro del término correspondiente, el tribunal tenía diez (10) días para considerar la misma. íd. De rechazar la moción de plano, el término para acudir en alzada no se entendía interrumpido. íd. Por otro lado, si el tribunal consideraba la moción, el término se entendía interrumpido y comenzaba a contarse nuevamente desde la *18 fecha en que se archivara en autos copia de la notificación de la resolución que resolviera definitivamente la moción, íd. Recientemente resumimos las alternativas que tenía el foro primario ante una moción de reconsideración oportunamente presentada al amparo de la Regla 47 de Procedimiento Civil de 1979, supra:
[...] (1) [T]omar, dentro del término de 10 días, “alguna determinación” respecto a la referida moción —por ejemplo, señalar la misma para vista, concederle término a la otra parte para que se exprese, etc.,— en cuya situación se entendía interrumpido el término de revisión; (2) declararla expresamente “sin lugar” dentro del mencionado término de diez días, o (3) dejar transcurrir el término de diez días sin tomar acción alguna, lo que constituía un rechazo de plano. En estas dos últimas situaciones, se consideraba que la moción de reconsideración no interrumpía el término de revisión. Constructora Estelar v. Aut. Edif. Púb., 183 DPR 1, 24 (2011). Véanse, además: Rodríguez Medina v. Mehne, 168 DPR 570, 574—575 (2006); Flores Concepción v. Taíno Motors, 168 DPR 504, 516—517 (2006); Villanueva v. Hernández Class, 128 DPR 618, 633-634 (1991).
Durante la vigencia de la Regla 47 de Procedimiento Civil de 1979, supra, se suscitaron innumerables controversias sobre cuándo procedía la interrupción del término para recurrir en alzada a partir de la presentación de una moción de reconsideración. Informe de Reglas de Procedimiento Civil, Comité Asesor Permanente de las Reglas de Procedimiento Civil, Secretariado de la Conferencia Judicial y Notarial, 2008, pág. 551. Véanse: Constructora Estelar v. Aut. Edif. Púb., supra; Plan Salud Unión v. Seaboard Sur. Co., 182 DPR 714 (2011); Insular Highway v. A.I.I. Co., 174 DPR 793 (2008); Rodríguez Medina v. Mehne, supra; Flores Concepción v. Taíno Motors, supra; Caro v. Cardona, 158 DPR 592 (2001); Reyes Díaz v. E.L.A. et al., 155 DPR 799 (2001); Castro v. Sergio Estrada Auto Sales, Inc., 149 DPR 213 (1999); Villanueva v. Hernández Class, supra; Rodríguez Rivera v. Autoridad Carreteras, 110 DPR 184 (1980).
*19 Con el propósito de resolver el problema en cuanto a la interrupción del término, la nueva Regla 47 de Procedimiento Civil de 2009, supra, dispone que el término para recurrir en alzada queda automáticamente interrumpido a partir de la presentación de la moción de reconsideración, siempre y cuando se cumplan con los requisitos de forma dispuestos en la regla. J.A. Cuevas Segarra, Tratado de derecho procesal civil, 2da ed., San Juan, Pubs. JTS, 2011, T. IV, pág. 1366. Es decir, “la interrupción del término se condiciona al cumplimiento de unos requisitos de fondo por los que debe pasar juicio el tribunal”. R. Hernández Colón, Derecho procesal civil, 5ta ed., San Juan, LexisNexis de Puerto Rico, 2010, See. 4603, pág. 397.
Como bien menciona el tratadista Cuevas Segarra, a partir de los cambios introducidos por la actual Regla 47 de Procedimiento Civil de 2009, supra, quedaron atrás las controversias sobre cómo y cuándo se debía entender acogida la moción de reconsideración para fines de la interrupción del término para apelar. Cuevas Segarra, op. cit., pág. 1366. Por su parte, dice el también tratadista y profesor Hernández Colón que la nueva Regla 47 de Procedimiento Civil de 2009, supra, persigue un fin loable al pretender evitar “la práctica dilatoria de presentar mociones frívolas e inmeritorias que sólo persiguen la interrupción del término para recurrir”. (Énfasis nuestro). Hernández Colón, op. cit. De lo que se trata es de evitar que la moción de reconsideración “se convierta en una vía para dilatar injustificadamente la ejecución de un dictamen judicial”. (Énfasis nuestro). Cuevas Segarra, op. cit., pág. 1367. No obstante, tal y como se puede apreciar de la controversia ante nuestra consideración en el día de hoy, Cuevas Segarra anticipó en su obra que “es predecible que [la controversia] se traslade a cuándo se considerará que la moción cumple o no con los requisitos de especificidad de la regla”. íd., pág. 1366.
*20 Así las cosas, los tribunales debemos ser en extremo cautelosos al momento de evaluar si una moción de reconsideración fue lo suficientemente particular y específica según requerido por la Regla 47 de Procedimiento Civil de 2009, supra, con la consecuencia de interrumpir el término para apelar. De lo contrario, se estaría avalando la práctica que precisamente se quiso evitar con la modificación de la regla: la presentación de mociones pro forma con la única intención y efecto de interrumpir el término para recurrir en alzada. Con la Regla 47 de Procedimiento Civil de 2009, id., “se pretende imprimir certeza sobre cuándo el término para recurrir en apelación ha quedado interrumpido y pro-mover de esta forma la economía procesal”. Cuevas Segarra, op. cit., pág. 1371.
Resulta necesario aclarar que ni la Regla 47 de Procedimiento Civil de 2009, supra, ni el análisis aquí expuesto proponen un estándar de evaluación de mociones de reconsideración irrazonable que, como cuestión práctica, impida la revisión judicial. En palabras del tratadista Cuevas Segarra:
[S]alvo mociones escuetas y sin fundamentos de clase alguna, una moción que razonablemente cuestiona la decisión y la cual fundamenta su planteamiento, será suficiente para cumplir con la regla. No existen razones de orden público para imponerle un rigor desmedido a los requisitos de forma de la misma que puedan afectar el derecho de apelación. Cuevas Segarra, op. cit., pág. 1366.
A tono con lo anterior, al evaluar la procedencia de una moción de reconsideración —y si la misma tiene efecto interruptor— los jueces debemos examinar la moción presentada a la luz de los hechos particulares de cada caso. Cuevas Segarra, op. cit., pág. 1370. Solo así podemos darle fiel cumplimiento a lo requerido por la Regla 47 de Procedimiento Civil de 2009, supra, en cuanto a los requisitos de forma de la moción de reconsideración.
Por otro lado, las Reglas 43.1 y 43.2 de Procedimiento Civil de 2009 (32 LPRA Ap. V), disponen lo relacionado con *21 las mociones de determinaciones de hechos o conclusiones de derecho adicionales. El propósito de una moción de determinaciones de hechos o conclusiones de derecho adicionales es que el foro primario tenga la oportunidad de enmendar o corregir cualquier error. Cuevas Segarra, op. cit., pág. 1261. Utilizadas legítimamente, este tipo de mociones van dirigidas a “la consecución de un ideal de justicia exento de errores”. Carattini v. Collazo Syst. Analysis, Inc., 158 DPR 345, 356 (2003), citando a Roldán v. Lutrón, S.M., Inc., 151 DPR 883, 890-891 (2000).
De manera similar a lo requerido en cuanto a las mociones de reconsideración, la Regla 43.2 de Procedimiento Civil de 2009, supra, exige que el promovente exponga “con suficiente particularidad y especificidad los hechos que la parte promovente estime probados, y debe fundamentarse en cuestiones sustanciales relacionadas con determinaciones de hechos pertinentes o conclusiones de derecho materiales”. (Énfasis nuestro). Igualmente, la Regla 43.2 de Procedimiento Civil de 2009 dispone que una vez presentada una moción de determinaciones de hechos o conclusiones de derecho adicionales, el término para apelar quedará interrumpido automáticamente. íd. Ahora bien, al igual que en el caso de una moción de reconsideración, de no cumplir con los requisitos de forma antes mencionados la moción de determinaciones de hechos o conclusiones de derecho adicionales no interrumpirá el término para recurrir a un tribunal de mayor jerarquía. Cuevas Segarra, op. cit., pág. 1264; Hernández Colón, op. cit., See. 5002, pág. 416.
La Regla 43.3 de Procedimiento Civil de 1979 (32 LPRA Ap. Ill (ed. 2001)), que reglamentaba la moción de determinaciones de hechos o conclusiones de derechos adicionales durante la vigencia de las antiguas normas procesales también exigía suficiente particularidad y especificidad, así como cuestiones sustanciales relacionadas a los hechos o el derecho objeto de la moción como requisito para que *22 esta tuviese el efecto de interrumpir el término para apelar. Constructora Estelar v. Aut. Edif. Pub., supra, pág. 25; García v. Hormigonera Mayagüezana, 172 DPR 1, 6-7 (2007); Carattini v. Collazo Syst. Analysis, Inc., supra, págs. 358-359; Vega et al. v. Telefónica, 156 DPR 584, 596-597 (2002); Andino v. Topeka, Inc., 142 DPR 933, 939-940 (1997). Así las cosas, según la antigua Regla 43.3 de Procedimiento Civil de 1979, supra, la mera presentación de una moción de determinaciones de hechos o conclusiones de derecho adicionales “no armonizaba con el principio rector procesal que inspira la solución justa, rápida y económica de todo pleito”. Carattini v. Collazo Syst. Analysis, Inc., supra, pág. 358. Véase, además, Andino v. Topeka, Inc., supra, pág. 937. Por ende, expresamos que “sólo una oportuna y bien formulada solicitud de determinaciones de hechos adicionales, es la que interrumpe los términos para interponer una apelación”. (Énfasis en el original). Carattini v. Collazo Syst. Analysis, Inc., supra. En Andino v. Topeka, Inc., supra, págs. 939-940, expresamos que
[...] la práctica forense exige que toda moción sobre determinaciones de hechos adicionales o de enmienda constituya una propuesta que exponga, con suficiente particularidad y especificidad, los hechos que el promovente estima probados y, fundarse en cuestiones sustanciales relacionadas con determinaciones de hechos pertinentes o conclusiones de derecho materiales. Lo contrario, es pedirle al juzgador actuar a ciegas o convertirlo en adivino. (Énfasis nuestro y cita y escolio omitidos).
Teniendo en cuenta que tanto la Regla 43.2 de Procedimiento Civil de 2009, supra, como la Regla 43.3 de Procedimiento Civil de 1979, supra, disponen idénticos requisitos de forma, la jurisprudencia interpretativa sobre esta última es aplicable a la controversia de epígrafe. Además, debido a su similitud, la jurisprudencia antes citada sirve como guía para evaluar los nuevos requisitos de forma exigidos en cuanto a las mociones de reconsideración conforme a la Regla 47 de Procedimiento Civil de 2009, supra.
*23 En cuanto a la Regla 43.1 de Procedimiento Civil de 2009, supra, la misma obliga a consolidar una moción de determinaciones de hechos o conclusiones de derecho adicionales junto a una moción de reconsideración, en caso de que una misma parte interese presentar ambas solicitudes ante el foro primario. En estos casos, el tribunal deberá resolver ambas solicitudes en un mismo escrito. íd. Como se desprende de nuestra discusión, tanto la Regla 43.2, supra, sobre mociones de determinaciones de hechos o conclusiones de derecho adicionales, como la Regla 47 de Procedimiento Civil de 2009, supra, sobre mociones de reconsideración, disponen que el promovente debe exponer suficiente particularidad y especificidad y fundarse en cuestiones sustanciales de hecho o de derecho para que se entienda interrumpido el término para acudir en alzada. De presentarse una moción conjunta en la que una parte solicite reconsideración y determinaciones de hechos o conclusiones de derecho adicionales, bastará con que el promovente cumpla con los requisitos de forma de alguna de las dos reglas para que el término para apelar se vea interrumpido. Cuevas Segarra, op. cit., pág. 1366.
III
En la Opinión Mayoritaria que se emite en el día de hoy esta Curia resuelve que la moción de reconsideración y de determinaciones de hechos adicionales presentada por los peticionarios ante el foro primario interrumpió el término jurisdiccional de treinta (30) días para instar un recurso de apelación ante el foro apelativo intermedio. No obstante, de un análisis del escrito titulado Moción Solicitando Reconsideración de sentencia y determinaciones de hechos adicionales, a la luz de las Reglas 47 y 43.2 de Procedimiento Civil, supra, se puede apreciar que los peticionarios no cumplieron con los requisitos de forma allí dispuestos, *24 particularmente en cuanto a la particularidad y especificidad que exigen ambas reglas.(4)
Ante el planteamiento de falta de jurisdicción de los recurridos y luego de una minuciosa comparación entre dos de las mociones presentencia sometidas por los peticionarios ante el foro primario, el Tribunal de Apelaciones encontró que la moción de reconsideración y de determinaciones de hechos adicionales no era más que una compilación ad verbatim de las alegaciones y los argumentos previamente esbozados.(5) A igual conclusión debió haber llegado una Mayoría de este Alto Foro. Basta con examinar los escritos titulados Oposición a “Moción de Desestimación por Alegada Prescripción”(6) y Dúplica a “Réplica a Oposición a Moción de Desestimación por Prescripción”(7) para determinar que es evidente que la moción de reconsideración y de determinaciones de hechos adicionales es una copia ad verbatim de los argumentos encontrados en las mociones anteriores. Ello no es suficiente para cumplir con los criterios de especificidad y particularidad que exigen las Reglas 47 y 43.2 de Procedimiento Civil de 2009, supra.
La actual Regla 47 de Procedimiento Civil de 2009, supra, fue adoptada con el propósito, entre otros, de terminar *25 con la práctica usual de los abogados de presentar mociones de reconsideración pro forma con la única intención de interrumpir el término para recurrir ante un tribunal de mayor jerarquía. Para resolver lo anterior, como parte de dicha norma procesal se adoptaron los requisitos de particularidad y especificidad ya existentes para las mociones de determinaciones de hechos o conclusiones de derecho adicionales. Si bien es cierto que las Reglas 47 y 43.2 de Procedimiento Civil de 2009, id., no requieren la presentación de nuevas teorías o hechos adicionales por parte del promovente, ello no significa que este puede limitarse a trasladar lo que previamente expuso en otra moción de un documento a otro a manera de “copy and paste” como hicieron los peticionarios en la controversia de autos. A pesar de que en la Opinión Mayoritaria se alude a que el criterio rector al evaluar una moción de reconsideración o una moción de determinaciones de hechos o conclusiones de derecho adicionales es la especificidad, ello está reñido con la conclusión del Tribunal al entender que la moción presentada por los peticionarios fue lo suficientemente específica como para tener el efecto interruptor deseado.
Ya señalé que un mero “copy and paste” de mociones anteriores para reproducir los mismos argumentos ad verbatim en una nueva moción no es suficiente para cumplir con los requisitos de forma exigidos por las Reglas 47 y 43.2 de Procedimiento Civil. íd. Ahora bien, ¿a qué se refieren ambas normas procesales al exigir que las mociones de reconsideración y las mociones de determinaciones de hechos o conclusiones de derecho adicionales sean lo suficientemente particulares y específicas?
A pesar de que se trata de una determinación que los tribunales deben realizar caso a caso, entiendo que una moción que pretenda mover al juzgador a reconsiderar su determinación debe identificar cada uno de los extremos que entiende deben ser reconsiderados y específicamente demostrarle al juzgador por qué se equivocó mediante argu *26 méritos concretos y fundamentados en cuestiones sustanciales de hecho o de derecho que vayan dirigidos a mover la consciencia del juzgador. Esto contrasta con lo presentado por los peticionarios en la moción objeto de controversia. A pesar de que las primeras páginas del escrito dan la impresión de que se cumplió con los requisitos de forma en cuanto a la moción de reconsideración, los peticionarios se limitan a resumir las cinco (5) conclusiones de derecho realizadas por el foro primario en su Sentencia y discutirlas de forma escueta, a modo de introducción. Acto seguido —entiéndase la parte de la moción en la cual los peticionarios intentan argumentar a favor de la reconsideración— comienza la compilación ad verbatim a manera de “copy and paste”, lo cual entiendo no es suficiente para cumplir con la particularidad y especifidad que exige la Regla 47 de Procedimiento Civil de 2009, supra. Igualmente, entiendo que en el caso de una moción de determinaciones de hechos o conclusiones de derecho adicionales el promovente debe exponer cuáles son las determinaciones de hechos pertinentes o conclusiones de derecho sustanciales que entiende que fueron probadas durante el trámite judicial y que no for-man parte de la sentencia. Limitarse a simplemente repetir lo que ya se dijo en una moción anterior —lo cual se agrava cuando se hace a manera de “copy and paste” como en la controversia de autos— no pone al juzgador en posición de poder evaluar qué parte, si alguna, debe ser reconsiderada o enmendada para añadir determinaciones de hechos o conclusiones de derecho adicionales.
Por último, valga destacar que en el pasado este Tribunal ha sido riguroso en cuanto a la necesidad de las partes de cumplir estrictamente con lo dispuesto en las reglas procesales que rigen nuestro ordenamiento. Aunque en el contexto del Derecho Procesal Apelativo, en Soto Pino v. Uno Radio Group, 189 DPR 84, 90 (2013), recientemente expresamos que “[l]a marcha ordenada y efectiva de los procedimientos judiciales es ün imperativo de nuestro or *27 denamiento jurídico”. En ese sentido, explicamos que las normas que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. Id.; Rojas v. Axtmayer Ent., Inc., 150 DPR 560, 564 (2000). En iguales términos nos expresamos en Hernández Maldonado v. Taco Maker, 181 DPR 281, 290 (2011), al pronunciar que
Dios abogados están obligados a cumplir fielmente con el trámite prescrito en las leyes y en los reglamentos aplicables para el perfeccionamiento de los recursos, y no puede quedar al arbitrio de los abogados decidir qué disposiciones reglamentarias se deben acatar y cuándo. (Enfasis nuestro).
Soy del criterio de que no existe motivo alguno para no ser igual de rigurosos al momento de evaluar las normas procesales contenidas en las Reglas de Procedimiento Civil. Las Reglas 47 y 43.2 de Procedimiento Civil de 2009, supra, son claras en cuanto a la necesidad de que las mociones de reconsideración y de determinaciones de hechos o conclusiones de derecho adicionales deben gozar de suficiente particularidad y especificidad, así como que deben fundarse en cuestiones sustanciales de hecho o de derecho. Una interpretación liberal de ambas reglas que tenga el efecto de reducir tales requisitos de forma a letra muerta no es cónsona con la economía procesal que en otras ocasiones intentamos promover en este Foro.
IV
Por todo lo anterior, respetuosamente disiento de la Opinión Mayoritaria en la controversia de epígrafe. Lo que procedía resolver en este caso era confirmar la Sentencia emitida por el Tribunal de Apelaciones, ya que la moción de reconsideración y de determinaciones de hechos adicionales no interrumpió el término para apelar. Así las cosas, los peticionarios presentaron su recurso de apelación ante el foro apelativo intermedio fuera del término jurisdiccio *28 nal para ello, privando a dicho foro de jurisdicción para atender el recurso.

 Véase la sentencia emitida por el Tribunal de Apelaciones en el caso KLAN201100023, Apéndice, págs. 364-391.

 Luego de la expedición del certiorari los peticionarios presentaron su alegato en apoyo al recurso, en el cual añadieron cinco (5) señalamientos de error adicionales relacionados a los méritos de la controversia. No obstante, al igual que en la Opinión Mayoritaria me limito a discutir el asunto jurisdiccional ante nos.

 La Regla 52.2 de Procedimiento Civil de 2009 (32 LPRA Ap. V) dispone lo relacionado con los términos para presentar una apelación o certiorari ante el Tribunal de Apelaciones y la interrupción de dichos términos a partir de una moción de reconsideración o una moción de determinaciones de hechos o conclusiones de derecho adicionales.

 Véase la Moción Solicitando Reconsideración de Sentencia y Determinaciones de Hechos Adicionales presentada por los peticionarios el 13 de octubre de 2010 ante el Tribunal de Primera Instancia, Apéndice, págs. 238-254.

 Véase la Sentencia emitida por el Tribunal de Apelaciones en el caso KLAN201100023, supra, pág. 2 esc. 1. En su oposición a la moción de reconsideración y de determinaciones de hechos adicionales ante el foro primario, los recurridos también argumentaron exhaustivamente que la moción presentada por los peticionarios era una compilación ad verbatim de los dos escritos presentencia presentados por los peticionarios. Véase la Oposición a Moción de Reconsideración y Determinaciones de Hechos y en Cumplimiento de Orden, presentada por los recurridos el 23 de noviembre de 2010 ante el Tribunal de Primera Instancia, Apéndice, págs. 255-271.

 Véase la moción titulada Oposición a “Moción de Desestimación por Alegada Prescripción” presentada por los peticionarios el 21 de febrero de 2007 ante el Tribunal de Primera Instancia, Apéndice, págs. 87-182.

 Véase la moción titulada Dúplica a “Réplica a Oposición a Moción de Desestimación por Prescripción” presentada por los peticionarios el 23 de agosto de 2007 ante el Tribunal de Primera Instancia, Apéndice, págs. 209-215.